## Moses Buffum *vs.* Bowditch Mutual Fire Insurance Company.

The by-law of a mutual fire insurance company, to which the policy in suit was expressly made subject, provided that the policy should be void unless the true title of the assured was expressed in the proposal. The plaintiff, in an application for insurance on real estate, called the property " his," but stated it was incumbered. In fact two mortgages then existed on the estate, given by a former owner to third persons ; and the former owner's equity of redemption had been sold on execution to another person, before the plaintiff acquired his interest in the estate. *Held,* that as the plaintiff at the time of insurance, had a legal right under Rev. Sts. *c.* 73, § 24, to redeem the equity of redemption and then to remove the other incumbrances, and thus make his title absolute, there was no misrepresentation of title.

Action to recover $2,500, on a policy of insurance issued by the defendants to the plaintiff, January 18, 1848. In his application, the plaintiff covenanted that the facts stated in his application were a "just, full, and true exposition of all the facts and circumstances in regard to the condition, situation, value, and risk of the property, so far as the same are known to the applicant, and are material to the risk ; and in case of insurance he holds himself bound, by the act of incorporation and by-laws of said company." And the policy contained a clause, that it was " subject to the provisions and conditions of the charter and by-laws of said corporation, and the lien on the interest of the person insured, in any building covered by the policy, and the land under the same." The only by-laws material to the present case were : Art. 17. "Any policy issued by this company shall be void, unless the true title of the assured be expressed in the proposal or application for insurance;" and Art. 19. " The applicant for insurance shall make a true representation of the property on which he requests insurance, so far as concerns the risk and value thereof, and of his title and interest therein ; and in case the application is made through an agent, the applicant shall be held liable for the representation of such agent." The applicant called the property insured " his " property, and the referee, to whom the cause was referred, made a conditional report, the nature of which, together with all other facts neces-

sary to an understanding of the case, sufficiently appear in the opinion.

*P. C. Bacon & D. Foster*, for the plaintiff.

*O. P. Lord & J. W. Perry*, for the defendants.

SHAW, C. J. This case comes before the court upon a report of a referee, to whom the matter in controversy had been referred, by which he reports a sum due to the plaintiff, subject to the opinion of the court, upon a question of law reserved.

The defendants, by their policy of the date of 18th January, 1848, had insured the plaintiff against loss by fire, on his factory and water wheel, situated in Blackstone, for $1,000 ; on his machinery $1,000; and on his stock in trade and fixtures $500. A loss occurred in December following. The ground of defence was, that the assured had not in his application set forth his true title to the estate insured. The alleged misrepresentation is said to be found in the question and answer numbered 14 in the application made by the plaintiff. The question is found in a printed form, with certain words in it stricken out, and appears as follows :

14th Question. " State whether or not incumbered, (to whom[1]) and to what amount (and whether insured[1]) ? "

Ans. " Incumbered $22,000, on buildings and other property, worth over $30,000."

The question, "whether insured," is answered under the next interrogatory.

The referee having, upon all other points, found for the plaintiff, for a loss on all the three subjects of insurance, submits the question as follows, viz : unless the court shall be of a different opinion, on the matters of law arising upon the following statement of facts, as to the plaintiff's title to, and insurable interest in, the real property insured ; and as to his legal claim by reason of the state of his said title, and his representation and application for insurance, under his policy and the by-laws of said corporation. The referee then proceeds to state in thirteen articles, sundry conveyances, mort-

---

[1] These words were erased in the printed question.

gages, foreclosures, sales on execution and by assignees in insolvency, and assignments, making a complicated state of facts. Several other cases have been before this court, on different branches of the same transaction in another county, and some of the documents referred to by the referee, are " proceedings and a decision in equity, of the supreme judicial court, April term, in Worcester, upon a bill in equity by the plaintiff to redeem." On this decree, it appeared that up to August, 1849, after the application and loss, the plaintiff, as against the defendant in that suit, had a right to redeem.

Without attempting to unravel this complicated statement of facts, two facts appear to us to be well established by the proof. 1. That at the time this application was made, the plaintiff was in the actual possession and occupation of the premises insured; 2. The plaintiff had once acquired an estate in fee in the premises, by a mortgage from Esek Pitts, foreclosed; and though the whole of the plaintiff's estate was determined by his insolvency, and the conveyance of his interest in the estate, by Dan Hill, his assignee, to Holbrook, yet Holbrook afterwards conveyed to Mansfield, Mansfield mortgaged to Bullock, and then, in May, 1846, Mansfield conveyed his equity of redemption to the plaintiff, subject to attachments upon it by Mansfield's creditors. Judgments having been obtained on the suits in which these attachments were made, the estate was sold on execution on the 9th of August, 1847. The equity of redemption remained in the plaintiff in January, 1848, and though the estate was variously and heavily incumbered by mortgages, sales on execution, and otherwise, yet these were all redeemable; so that by paying them and obtaining their discharge, the plaintiff would hold the fee of the estate.

Under these circumstances, we are of opinion, that the plaintiff's title was truly stated in reference to the question put to him, modified as it was, by striking out part of the printed question. No other interrogatory bearing on the question of title was put, except the 14th above stated. In the preceding answer he had truly answered as to the possession and occupation by himself as a woollen factory.

The interrogatory, in effect, calls on him to state whether the estate was incumbered or not, and to what amount. Striking out the words " to whom," was an intimation, that the particular incumbrances need not be specified. To the question thus shaped, he gives the amount of the incumbrances, $22,000 on buildings and other property, worth over $30,000. This statement, though very general, was true as far as it went ; and if the assurers were desirous of having a more specific description of the title, and a statement of the particulars of the incumbrances, it was for them to call for it, by further interrogatories. It is sufficient, we think, to satisfy articles 17 and 19 of the by-laws, which provide that the policy shall be void unless the true title be expressed in the proposal, and that the applicant shall make a true representation of the property, so far as concerns the risk and value thereof, and of his title and interest therein.

The case of *Smith* v. *The Bowditch Mutual Fire Insurance Company,* 6 Cush. 448, was relied on by the defendants. But the distinction is obvious. In that case, the assured had no title, no real or proprietary interest in the land and real estate, but only a personal obligation, usually called a bond for a deed. Though this is sometimes in courts of equity called an equitable estate, because, under proper circumstances, the holder of such an obligation, by a decree for specific performance in a court of equity, which, however, is discretionary with the court to grant, may obtain a title. But a right to redeem an estate by paying off and discharging incumbrances, is a right created, recognized, and secured by law, and constitutes, whilst it subsists, a real and proprietary interest, a *jus in re.* A mortgage is, in form, and for some purposes, a conveyance of the fee ; but for most purposes it is an incumbrance only, leaving an estate in the mortgagor, which may be again mortgaged, conveyed absolutely, attached and sold, or set off on execution, and otherwise treated as an absolute estate. And although this right is called an equity of redemption. yet it is quite distinguishable from an equitable estate, in the sense above mentioned, in this, that it is secured

and regulated by law, and exercised at the will of the owner, as a legal right, without the aid of any court of equity.

Supposing, then, that the assured had an estate in the land, though subject to mortgages and sales on execution, and deeply incumbered, but still redeemable, then he had an estate to which the lien of the company would attach; and that such interest is insurable, is settled by many cases. *Strong* v. *Manufacturers Insurance Co.* 10 Pick. 40 ; *Curry* v. *Commonwealth Insurance Co.* 10 Pick. 535 ; *Fletcher* v. *Commonwealth Insurance Co.* 18 Pick. 419.

The court are therefore of opinion, that the report of the referee be accepted, and that the plaintiff is entitled to judgment for the larger sum stated in his award.

*Judgment for the plaintiff.*